ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN; ANTHONY ASHER, TRUSTEE,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>WESTATES MECHANICAL CORPORATION, a California corporation<br><br>                    Defendant. | NO. C 08 3242 MEJ<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action alleges that:

     1.    Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the

**COMPLAINT**                                                                     1

provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs Boards of Trustees of the Trust Funds named in the caption (hereinafter "Trust Funds") are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff Anthony Asher is a trustee. Said Trust Funds are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, WESTATES MECHANICAL CORPORATION, a California corporation, resides and does business in San Leandro, California. Performance of the obligations to pay fringe benefits set forth in the collective bargaining agreement is in this judicial district. ERISA specifically authorizes Trust Funds to bring this action in the district where the plans are administered, 29 U.S.C. §1132(e)(2); the plans are administered in the Northern District of California.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Sheet Metal Workers Local Union No. 104, a labor organization in an industry affecting

**COMPLAINT** 2

commerce. The aforesaid agreement provide that defendant shall make contributions to the TRUST FUNDS, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. The Trust Funds rely upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Funds.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreements above referred to by failing to complete and send in monthly reports in a timely manner. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed to timely pay contributions for hours worked by covered employees for the months of August 2006 and March 2007. Liquidated damages and interest are specifically provided for by the agreements. The total amount due is $11,898.42; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust

**COMPLAINT** 3

1 Agreements, and defendant refuses to make such payments in a timely
2 manner.
3      10.  The Trust Funds do not at this time seek to audit the
4 books and records of defendant.  The only issue raised in this
5 complaint is defendant's failure to complete and file voluntary
6 monthly reports and pay the contributions due.  The Trust Funds seek
7 to obtain a judgment for any outstanding delinquent contributions
8 based on defendant's reports and to reserve the right to audit
9 defendant for this or any other unaudited period.
10      11.  The Trust Agreements provide that, in the event suit
11 is instituted to enforce payments due thereunder, the defendant shall
12 pay court costs and reasonable attorneys' fee.  It has been necessary
13 for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
14 as attorneys to prosecute the within action, and reasonable
15 attorneys' fee should be allowed by the Court on account of the
16 employment by plaintiff of said attorneys.
17      WHEREFORE, plaintiffs pray:
18      1.  That the Court render a judgment on behalf of plaintiffs
19 for all contributions due and owing to the date of judgment based upon
20 unaudited reporting forms, plus liquidated damages provided for by the
21 contract, interest at the legal rate, reasonable attorneys' fees
22 incurred in prosecuting this action and costs.
23      2.  That the Court enjoin the defendant from violating the
24 terms of the collective bargaining agreements and the Trust Agreements
25 for the full period for which defendant is contractually bound to file
26 reports and pay contributions to the TRUST FUNDS.
27      3.  That the Court reserve plaintiffs' contractual right to
28 audit defendant for months prior to judgment, and in the event of such

**COMPLAINT**                                4

audit, collect any additional sums which may be due.

    4. That the Court retain jurisdiction of this cause pending compliance with its orders.

    5. For such other and further relief as the Court deems just and proper.

```
DATED: July 2, 2008                    ERSKINE & TULLEY
                                       A PROFESSIONAL CORPORATION


                                       By:/s/Michael J. Carroll
                                          Michael J. Carroll
                                          Attorneys for Plaintiffs
```

**COMPLAINT**                                    5